# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **VIOLET COVINGTON,** on behalf of herself and all others similarly situated, ) ) ) | CASE NO. |
| Plaintiff, ) | JUDGE |
| v. ) ) | |
| ) | **COLLECTIVE ACTION AND CLASS** |
| **KANAN ENTERPRISES, INC. d/b/a** ) | **ACTION COMPLAINT** |
| **KING NUT COMPANY** ) ) | |
| ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. ) | |

Plaintiff Violet Covington, by and through counsel, for her Complaint against Defendant, Kanan Enterprises, Inc. d/b/a King Nut Company states and alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."  Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to § 216(b) (the "Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under Ohio law (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's claims brought under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant is domiciled in this District.

## PARTIES

7. At all times relevant, Plaintiff was a citizen of the United States. Plaintiff worked for Defendant as an hourly employee within this district and division.

8. Defendant is an Ohio corporation with its corporate offices located at 31900 Solon Road, Solon, Ohio 44139. It can be served through its registered agent Anne T. Corrigan, 600 Superior Ave., Suite 2100, Cleveland, Ohio 44114.

## FACTUAL ALLEGATIONS

### Defendant's Status as an "Employer"

9. At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. Defendant's hourly employees included Plaintiff, the Opt-Ins and the Ohio Class.

11. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## Hourly Employees' Compensation

12. Plaintiff, the Opt-Ins and the Ohio Class are current or former hourly employees of Defendant.

13. Plaintiff, the Opt-Ins and the Ohio Class frequently worked more than forty (40) hours in a single workweek, entitling them to overtime compensation under the FLSA.

14. Plaintiff, the Opt-Ins and the Ohio Class were not paid all of the overtime compensation they earned.

15. Pursuant to Defendant's uniform companywide policy, Defendant impermissibly docks its employees' pay.

16. Pursuant to Defendant's uniform companywide policy, Defendant rounds its employees' clock-in time in a manner in which an employee always loses credit for time actually worked.

17. For example, on September 11, 2017, Plaintiff worked from 6:57 A.M. until 3:44 P.M. But, rather than rounding to the nearest quarter hour, Defendant rounded Plaintiff's clock-in time to 7:00 A.M. and rounded her clock-out time down to 3:30 P.M., which resulted in Plaintiff being docked 17 minutes of pay.

18. Accordingly, on August 24, 2016, although Plaintiff worked 8 hours and 17 minutes (excluding a 30-minute lunch break), she was only paid for 8 hours of work. This resulted in Plaintiff being paid for 17 minutes less than she actually worked.

19. This impermissible docking and rounding occurred daily.

20. Defendant's practice of improperly rounding time always in its favor, which resulted in its employees always losing time worked, results and has resulted in Defendant's employees, including Plaintiff, being underpaid for overtime hours worked on a daily basis. This,

in turn, results and has resulted in Defendant's employees, including Plaintiff, being underpaid overtime hours worked on a weekly basis.

21. Plaintiff, and each Opt-In and the members of the Ohio Class have each worked a substantial number of uncompensated hours during the three-year period immediately preceding the filing of this Complaint, which has resulted in significant unpaid overtime.

22. Plaintiff, Opt-Ins, and members of the Ohio Class were full time employees regularly scheduled to work 40 hours a week or more. Thus, by failing to pay Plaintiff, members of the Ohio Class, and the Opt-Ins for work performed before and after their scheduled shift, Defendant failed to pay Plaintiff, members of the Ohio Class, and the Opt-Ins for all of their overtime in nearly every week in which they worked.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

24. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

25. The Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All present and former hourly employees of Defendant during the period three years preceding the commencement of this action to the present who worked more than forty hours in one or more workweeks.

26. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, all were subjected to and injured by Defendant's

4

unlawful practice of failing to pay its employees for all hours worked, and all have the same claims against Defendant for unpaid wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

27. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

28. Plaintiff cannot yet state the exact number of similarly-situated persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## **CLASS ACTION ALLEGATIONS**
### **(Ohio Class)**

29. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

30. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of the Ohio Class, defined as:

> All present and former hourly employees of Defendant during the period two years preceding the commencement of this action to the present who worked more than forty hours in one or more workweeks.

31. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that it consists of over 40 people. The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to

5

maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

32. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendant failed to pay Plaintiff and other class members for all hours worked in excess of 40 in a workweek;
>
> Whether Defendant's rounding and docking practices are lawful; and,
>
> Whether Defendant kept adequate records of the hours worked by Plaintiff and the other class members.

33. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

34. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

35. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and

demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

37. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the Opt-Ins who have joined this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) has been filed or will be filed with the Court.

39. The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

40. Defendant failed to pay Plaintiff and the Opt-Ins overtime compensation for all hours worked in excess of forty in a workweek.

41. Instead, Defendant has a companywide policy of failing to pay its employees for all time worked in that its rounding and pay docking practices routinely resulted in Plaintiff and the Opt-Ins working hours for which they were not compensated.

42. Defendant's practices resulted in Plaintiff and the Opt-Ins receiving less overtime compensation than they were owed.

43. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

44. As a result of Defendant's violations of the FLSA, Plaintiff and the Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of herself and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

47. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

48. Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay all overtime compensation to its hourly workers including Plaintiff and the Ohio Class.

49. Specifically, among other things, Defendant failed to pay Plaintiff and the Ohio Class for all time worked.

50. Defendant's violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute.

51. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

E. Award Plaintiff her costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

/s/ Hans A. Nilges
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
Nilges Draher, LLC
7266 Portage St., N.W.
Suite D
Massillon, Ohio 44646
330-470-4428
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

## **JURY DEMAND**

Plaintiff hereby demand a trial by jury on all issues so triable.

/s/ Hans A. Nilges
Hans A. Nilges
Counsel for Plaintiff