IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| VIOLET COVINGTON, | ) | Case No. 1:18-cv-1453 |
|---|---|---|
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| v. | ) | |
| | ) | |
| KANAN ENTERPRISES, INC. d/b/a | ) | **MEMORANDUM OPINION &** |
| KING NUT COMPANY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

**I.     Introduction**

This matter comes before the court[1] on defendant's motion to dismiss and compel arbitration. ECF Doc. 12. Defendant's motion is unopposed. Because all of plaintiff's claims are subject to the parties' enforceable arbitration agreement, defendant's motion to dismiss and compel arbitration must be GRANTED and the case must be DISMISSED.

**II.    Background**

On June 26, 2018, Plaintiff Violet Covington filed a collective action lawsuit alleging that her employer, Kanan Enterprises, Inc., violated the Fair Labor Standards Act ("FLSA"), 29 § U.S.C. §§ 201-219, and Ohio's overtime compensation statute, Ohio Rev. Code § 4111.03. Covington asserts that her employer failed to properly compensate employees for overtime worked by adopting a policy rounding work hours down to the nearest quarter hour. ECF Doc. 1 at ¶ ¶ 13-22.

---

[1] The parties consented to my jurisdiction. ECF Doc. 8.

**III.    Law & Analysis**

   **A.    Federal Law Favors Arbitration**

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., manifests "a liberal federal policy favoring arbitration agreements[.]" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983); *see Seawright v. Am. Gen. Fin. Servs., Inc.*, 507 F.3d 967, 972 (6th Cir. 2007) (Section 2 of the FAA "'embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts.'") (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443, 126 S. Ct. 1204, 163 L. Ed. 2d 1038 (2006)). "To enforce this dictate, [the FAA] provides for a stay of proceedings when an issue is referable to arbitration and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003). All "doubts regarding arbitrability should be resolved in favor of arbitration." *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (citing *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25.) Further, "the FAA preempts state laws and policies regarding arbitration." *Id.* at 393 (citing *Southland Corp. v. Keating*, 465 U.S. 1, 10-11, 104 S. Ct. 852, 79 L. Ed. 2d 1 (1984)); *see also Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) ("the FAA preempts state laws applicable *only* to arbitration provisions") (quotation marks and citation omitted) (emphasis in original). Balanced against the clear policy favoring arbitration is the well settled principle that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986) (quotation marks and citations omitted).

## B. Sixth Circuit Test

The Sixth Circuit applies a four-pronged test to determine whether an unwilling party can be compelled to arbitrate: (1) the Court must determine whether the parties agreed to arbitrate; (2) the Court must determine the scope of that agreement; (3) if federal statutory claims are asserted, the Court must consider whether Congress intended those claims to be non-arbitrable; and (4) if the Court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration. *Stout v. J.D. Byrider,* 228 F.3d 709, 714 (6th Cir. 2000) (citation omitted); see *Javitch,* 315 F.3d at 624 (court must engage in a "limited review" to determine whether the dispute is arbitrable) (citation omitted).

Here, it is not clear whether Covington is an unwilling party to arbitration. The filing of her complaint suggests that she opposes arbitration. On the other hand, she has not filed any opposition to the motion to compel arbitration. Either way, defendant has satisfied the Sixth Circuit test showing that this matter is subject to arbitration.

The parties agreed to arbitrate. The arbitration agreement provides, in part:

> In consideration of my employment with King Nut Companies, I understand that any and all disputes regarding my employment with or termination from King Nut will be subject to final and binding arbitration pursuant to the provisions of the Federal Arbitration Act. The arbitration will be held under the applicable rules of the American Arbitration Association (AAA). I understand and agree that arbitration shall be the exclusive form for resolving all disputes that I may have with King Nut and its employees or managers arising out of or in connection with any aspect of my employment, including but not limited to claims for wrongful termination, discrimination, retaliation, harassment or unpaid wages.
>
> I further understand that I am waiving any right or authority for any such employment dispute to be brought, heard or arbitrated as a class or collective action, private attorney general or in a representational capacity on behalf on any person. All disputes arising out of my employment relationship with King Nut shall be resolved by an arbitrator and not by judge or jury. The sole exceptions to arbitration are claims for workers' compensation, unemployment compensation

> benefits, the Equal Employment Opportunity Commission, the National Labor Relations Board, ERISA and where applicable laws provide for the filing of such disputes with other governmental agencies.
>
> I understand and agree that if I have a dispute related to my employment, I will submit it to arbitration within six (6) months after the claim arises or within the same time frame as established by the applicable limitation periods for the filing of such claims in an administrative or judicial forum, whichever occurs first.
> * * *

ECF Doc. 13-1 at Page ID# 52. The agreement expressly provides that all disputes related to Covington's employment, including disputes related to unpaid wages, are subject to arbitration.

Congress did not intend FLSA claims to be non-arbitrable. It is well settled that FLSA claims, such as the one presented in plaintiff's complaint, may be subject to arbitration. *Floss v. Ryan's Family Steak Houses, Inc.,* 211 F.3d 306, 313 (6th Cir. 2000); *Smith v. BT Conferencing, Inc.,* No. 3:13-cv-160, 2013 U.S. Dist. LEXIS 158362, 2013 WL 5937313, at *9 (S.D. Ohio Nov. 5, 2013) ("many courts have found that FLSA rights may be effectively vindicated in an arbitral, rather than legal, setting"); *Aracri v. Dilliard's Inc.,* No. 1:10CV253, 2011 U.S. Dist. LEXIS 41596, 2011 WL 1388613, at *4 (S.D. Ohio Mar. 29, 2011) ("statutory claims may be the subject of an arbitration agreement, including claims under the FLSA.")

As to the fourth prong, "[i]n cases where all claims are referred to arbitration . . . the litigation may be dismissed rather than merely stayed." *Rupert*, 2010 U.S. Dist. LEXIS 54050, 2010 WL 2232305, at *4 (citations omitted). Here, the only claim in Covington's complaint is undeniably subject to arbitration, making dismissal the appropriate disposition of the present litigation. *See, e.g., Wallace v. Red Bull Distrib. Co.*, 958 F. Supp. 2d 811, 827 (N.D. Ohio 2013) (dismissing federal litigation where all claims were subject to arbitration). All four prongs are met, and Covington has offered no argument to the contrary.

## IV.     Conclusion

Because the parties agreed to arbitration and the claim asserted in Covington's complaint is subject to that agreement, the court must compel arbitration. Defendant's motion to dismiss and compel arbitration, ECF Doc. 12, is GRANTED. Defendant's alternative motion to stay is denied as moot. This case is DISMISSED.

Dated: September 17, 2018

Thomas M. Parker
United States Magistrate Judge